KATIE WIDMAIER, APPELLEE, V. ROSE M. ARNDT ET AL.,
APPELLANTS.

FILED APRIL 19, 1935. No. 29264.

*Bruckman & Dunmire,* for appellants.

*J. E. Ray* and *Earl L. Hunter, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY,
PAINE and CARTER, JJ.

GOOD, J.

Plaintiff sued to recover upon a past-due negotiable
promissory note. Defendants pleaded payment. Trial of
the issues to a jury resulted in a verdict for plaintiff on
which judgment was entered. Defendants have appealed.

In view of the conclusion we have reached and herein-
after state, it is unnecessary to consider any of defendants'
assignments of error.

Defendants contend that payment of the note in ques-
tion was made to Hoeppner and Uerling and that they
were the agents of the plaintiff authorized to receive such
payment. The record discloses that Hoeppner and Uerling,
copartners, were for many years engaged in the loan
brokerage business in Hastings, Nebraska; that they
made long-time loans which were frequently represented
by a series of coupon notes or bonds, secured by real
estate mortgages; that such mortgages and notes were
made payable to Hoeppner and Uerling or to a member
of the copartnership. The borrowers paid to Hoeppner
and Uerling a commission for making the loans. After
they were made, the coupon notes or bonds were sold
to various parties. Usually the borrowers paid the in-

terest when due to Hoeppner and Uerling, and the holders of the notes or bonds came to Hoeppner and Uerling and received their interest payments from them.

In 1924 defendants executed a series of 26 coupon notes, due five years after date, interest payable semi-annually, represented by coupon notes and secured by a real estate mortgage. The notes and mortgage ran to Hoeppner. Hoeppner and Uerling sold one of this series of notes to the plaintiff, who has ever since owned and retained possession thereof. When interest payments were due, defendants went to the office of Hoeppner and Uerling and paid the interest on the entire series of notes, and plaintiff would go to the office of Hoeppner and Uerling, take and deliver to them her coupon then due, and receive payment from them. Defendants were aware of the fact that the notes had been sold and were in the hands of various parties. They would not receive their coupons at the time they made the interest payments, and it would be some weeks before all of the coupons would be received by them.

In April, 1929, and six months before the maturity of these notes, defendants desired to renew their mortgage loan and increase the amount thereof. Hoeppner and Uerling made them a new loan for $30,000, represented by a series of notes, secured by mortgage on the same real estate. Hoeppner released the first mortgage. Defendants received from Hoeppner and Uerling $4,000, the difference between the amount of the original loan and the new one. Of the proceeds of the new loan $26,000 was left in the hands of Hoeppner and Uerling. It was the understanding and agreement between them that Hoeppner and Uerling were to pay, take up and deliver to defendants the notes representing the first loan. Defendants were then aware of the fact that the notes representing the first loan, or some of them, were outstanding, in the hands of other parties. They did not receive the old notes at the time they executed the new loan. Thereafter they did receive some of the notes from

Hoeppner and Uerling. Hoeppner and Uerling did not make any payment to plaintiff on the principal of her promissory note, nor inform her that the loan had been renewed, or that the first mortgage had been released, but led her to believe that a new loan would be made in the future, out of which she would be paid. Hoeppner and Uerling continued to make payments of interest to the plaintiff upon her promissory note.

The evidence of defendants conclusively shows that they left with Hoeppner and Uerling $26,000 of the proceeds of the second loan, with the distinct understanding and agreement that Hoeppner and Uerling would take up and secure the notes representing the first loan and return them to defendants. Defendants' evidence establishes beyond question that Hoeppner and Uerling were their agents in this transaction. Hoeppner and Uerling violated the trust reposed in them by defendants. For this plaintiff is not responsible.

The evidence is insufficient to support a finding that Hoeppner and Uerling were the agents of plaintiff, with authority from her to receive payment of the principal of the note. To establish defense of payment in a suit on negotiable promissory note, defendant must prove payment to the holder or some one authorized by the holder to receive payment.

Upon a consideration of the entire record, it is clear that a judgment for defendants could not be sustained, and that no other judgment than one for plaintiff could be sustained. It follows that any error committed by the trial court was not prejudicial to defendants.

The judgment is right and is

AFFIRMED.